UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Jaime Padron-Yanez, | ) | |
| | ) | C/A No.: 8:11-cv-03124-GRA |
| Petitioner, | ) | Cr. No.: 8:08-cr-00628-GRA-15 |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| | ) | (Written Opinion) |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court on Petitioner Jaime Padron-Yanez's

Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a

Person in Federal Custody ("§ 2255 Motion"). The Government filed a Response in

this action.[1] For the reasons set forth below, Petitioner's Motion under 28 U.S.C.

§ 2255 is DENIED.

**Background**

On October 23, 2009, Petitioner pled guilty to using a communication facility

in furtherance of a drug crime, in violation of 21 U.S.C. § 843(b) ("Count Fifteen"),

and operating an unlicensed money transmitting business, in violation of 18 U.S.C.

§§ 2, 1960 ("Count Forty-One"). *See* ECF Nos. 854 & 903. On June 17, 2010,

this Court sentenced Petitioner to ninety-seven months imprisonment and two

years of supervised release. ECF No. 1025. The Fourth Circuit upheld Petitioner's

---

[1] Petitioner did not file a Reply to Government's Response.

sentence.  *United States v. Padron-Yanez*, 433 F. App'x 189 (4th Cir. 2011), ECF

No. 44 (per curiam).    Bruce Byrholdt represented Petitioner throughout his

proceedings.  *See* ECF Nos. 640 & 1032.  Petitioner filed his § 2255 Motion on

September 8, 2011, seeking to vacate, set aside, or correct his current sentence

on grounds of ineffective   assistance of counsel and a denial of his Sixth

Amendment     right     to     confront     witnesses.        ECF     No.     1143.

### Standard of Review

Petitioner brings this Motion *pro se*.  District courts are required to construe

liberally pleadings filed by a *pro se* litigant to allow for the development of a

potentially meritorious claim.  *See Boag v. MacDougall*, 454  U.S. 364, 365 (1982)

(per curiam).   Such pleadings are held to a less stringent standard than those

drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

The liberal construction requirement does not mean that a court can ignore a

clear failure to allege facts that set forth a claim cognizable in a federal district

court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Liberal construction means that if the court can reasonably read the pleadings to

state a valid claim on which the party could prevail, it should do so; however, a

district court may not rewrite a motion to include claims that were never presented,

*see Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the party's legal

arguments for him, *see Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or

"conjure up questions never squarely presented" to the court, *see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Additionally, Section 2255 provides that a prisoner in custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. The court may grant relief on the following grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Generally, a petitioner must prove these grounds by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 546 (4th Cir. 1958) (per curiam).

In deciding a motion under § 2255, the court need not hold a hearing if the motion and the case record "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Moreover, if the motion, its attachments and the record plainly show that the prisoner is not entitled to relief, the court must dismiss the motion. Rule 4(b), Rules Governing § 2255 Proceedings for the U.S. Dist. Cts.

### Discussion

#### I. Ineffective Assistance of Counsel

Petitioner alleges that his counsel rendered ineffective assistance of counsel in three respects. First, counsel failed to "investigate, explore, or attempt to

negotiate a favorable plea agreement for [Defendant]." Second, counsel failed to arrange for a meeting with Government to "satisfy the 'safety valve' requirement" and "request for minimal participation." Third, counsel did not warn Defendant that he could possibly be deported if found guilty.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance fell below an objective standard of reasonableness and (2) that, but for his counsel's deficiencies, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to reasonableness, the court must determine the reasonableness of the challenged conduct on the facts of the particular case at the time of the attorney's conduct. *Id.* at 690. The attorney's conduct must be "within the realm of competence demanded of attorneys in criminal cases." *Id.* at 687. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689 (directing that "[j]udicial scrutiny of counsel's performance must be highly deferential").

As for prejudice, a petitioner has the burden of proving that the alleged deficiencies were, in fact, prejudicial to the outcome of the proceeding. *Id.* at 694. He must demonstrate that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* It is not enough to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, and not every error that conceivably

could have influenced the outcome undermines the reliability of the result of the proceeding. *Id.* at 693. Thus, even if counsel's performance falls outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error likely had no effect on the judgment. *Id.* at 694.

A petitioner who argues ineffective assistance of counsel following a guilty plea faces a higher burden of proof for prejudice. *See Hill v. Lockhart*, 474 U.S. 52, 53–59 (1985). He must show that, but for counsel's errors, he would not have pled guilty and insisted on going to trial. *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988).

A court need not make a determination concerning the attorney's performance if it is clear that no prejudice resulted. *See Strickland*, 466 U.S. at 697. Here, the lack of prejudice is clear. Petitioner never showed, as he must, how his attorney's alleged failures impacted the outcome of his case. Petitioner even stated in his Petition to Pled Guilty that he was satisfied with his attorney. *See* Guilty Plea Tr. 7:5–8, ECF No. 1044. Additionally, while on direct appeal, the Fourth Circuit stated that any "ineffectiveness [by Petitioner's counsel] [did] not conclusively appear from the record." *United States v. Padron-Yanez*, 433 F. App'x 189, 191 (4th Cir. 2011), ECF No. 44. Even assuming that Petitioner could rebut the presumption that counsel rendered reasonable professional assistance, he cannot show that the result of the proceedings would have been different had

counsel done more.  However, in the abundance of caution, this Court will look at each individual claim.

### a. Plea Agreement

Petitioner argues that his counsel did not arrange a plea agreement for him. However, in Government's Response to Petitioner's § 2255 Motion, the Government attaches a signed affidavit from Petitioner's defense counsel, Bruce Byrholdt, that states that Mr. Byrholdt did initially arrange a proposed plea agreement for Petitioner which he turned down and demanded a jury trial. *See* ECF No. 1147.  Further, Mr. Byrholdt arranged for a drug conspiracy charge to be dropped in exchange for Petitioner's guilty plea. *See* Sentencing Tr. 13:9–11, ECF No. 1051.  It is clear that Petitioner argument has no basis.

### b. Safety Valve/Minimal Participant

Petitioner contends that his attorney failed to arrange a meeting on his behalf to satisfy the "safety valve" requirement and that he should have been eligible for "safety valve" and be designated as a "minimal participant" for sentencing purposes.  "[D]efendants seeking to avail themselves of downward departures [pursuant to the safety valve] bear the burden of affirmatively acting, not later than sentencing, to ensure that the Government is truthfully provided with all information and evidence the defendants have concerning the relevant crimes." *United States v. Ivester*, 75 F.3d 182, 185 (4th Cir. 1996).  It appears that, despite counsel's urging, Petitioner did not assist authorities and denied his

involvement in the conspiracy until the last minute. This failure precluded Petitioner from satisfying the safety valve requirement set forth in U.S.S.G. § 5C1.2(a)(5).

Also, this Court determined that the government could prove by a preponderance of the evidence that the defendant was involved in drug trafficking, or that he knew or could have reasonably foreseen that $61,000 was from the proceeds in the "small, compact pickup truck" he was driving. Sentencing Tr. 40:2–41:8, ECF No. 1051. Furthermore, the Government's Response to Petitioner's § 2255 Motion outlines the testimony of DEA case agent Rajaee regarding Petitioner's role and connection to the underlying conspiracy. Thus, Petitioner's arguments are without merit.

### c. *Deportation Warning*

Petitioner alleges that his counsel failed to warn him of the possibility of deportation. During Petitioner's sentencing, his status as an alien and his deportation was referred to frequently. According Mr. Bryholdt's testimony, Petitioner was warned on multiple occasions that a felony conviction would lead to deportation proceedings. Additionally, during the plea colloquy of this Court, defendants acknowledge the possibility of deportation if they enter a guilty plea. Thus, this Court finds that Petitioner's assertions have no basis. Therefore, without any response by Petitioner indicating otherwise, the Court concludes that there is no additional evidence to support Petitioner's claims of ineffective

assistance of counsel. As such, he has shown no error of constitutional magnitude. Therefore, his claims for ineffective assistance of counsel fail.

## II. Right to Confront Witness

Petitioner contests that he has the right to confront witnesses against him. Petitioner is trying to re-litigate issues that have already been decided adversely against him. Petitioner raised this exact issue on direct appeal. The Fourth Circuit stated that "[h]earsay is permitted at sentencing," and "Confrontation Clause does not apply at sentencing proceedings." *United States v. Padron-Yanez*, 433 F. App'x 189, 190–91 (4th Cir. 2011), ECF No. 44. Thus, Petitioner is precluded from arguing this claim on collateral attack. *See Boeckenhaupt v. United States*, 537 F.2d 1182 (4th Cir. 1976) (stating that a Defendant cannot "be allowed to recast, under the guise of a collateral attack, questions fully considered" on direct appeal from conviction).

## Conclusion

A review of Petitioner's § 2255 Motion and the record plainly shows that Petitioner is not entitled to relief. Therefore, this Court shall deny the Motion. The Court declines to issue a certificate of appealability in this matter.[6]

---

[6] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. §§ 2254 & 2255. The Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322 (2003) (to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Vacate, Set Aside, or

Correct Sentence under 28 U.S.C. § 2255 is DENIED.

**IT IS SO ORDERED.**


G. Ross Anderson, Jr.
Senior United States District Judge


January 23, 2012
Anderson, South Carolina