UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Phillip Gerrad Rucker, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> United States of America, ) <br> ) <br> Respondent. ) <br> _____ ) | Cr. No.: 8:08-cr-00628-GRA-2 <br><br> **ORDER** <br> (Written Opinion) |

This matter comes before this Court on Petitioner Phillip G. Rucker's ("Petitioner's") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). ECF No. 1182. Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera,* 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). However, 28 U.S.C. § 2255(h) states that "[a] second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." The district court lacks jurisdiction to consider a second or successive § 2255 motion without this pre-filing

authorization. *See* 28 U.S.C. § 2244(b)(3)(A) (stating that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Vial*, 115 F.3d at 1194.

Here, Petitioner previously filed a petition for relief under § 2255, which was denied by this Court. ECF Nos. 1152 & 1170.[1] Petitioner does not allege that he has obtained an order of certification from the Fourth Circuit authorizing this Court to consider his second § 2255 Motion. Therefore, the instant petition should be dismissed, because this Court lacks jurisdiction to hear a second/successive motion for relief pursuant to 28 U.S.C. § 2255 filed by Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner's § 2255 Motion is DISMISSED without prejudice. The Court declines to issue a certificate of appealability in this matter.[2]

**IT IS SO ORDERED.**

_____
G. Ross Anderson, Jr.
Senior United States District Judge

January 22, 2014
Anderson, South Carolina

---

[1] In its Order, this Court specifically explained to Petitioner that he had no basis for arguing his career offender status as it had already been decided by the Fourth Circuit and that he could not relitigate the issue on collateral review. ECF No. 1170 (citing ECF Nos. 1138 & 1162).

[2] When a district court issues a final ruling adverse to the Petitioner on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255. The Court has reviewed its order and declines to issue a certificate of appealability, as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, to satisfy § 2253(c), "a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").